UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| AHAMAD ATKINS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:20-cv-00126-GFVT |
| ) | |
| v. ) | |
| ) | |
| PROVIDER VICTORIA HIT WILLIAMS, ) | **MEMORANDUM OPINION** |
| *et al.*, ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Ahamad Atkins is an inmate confined at the Federal Correctional Institution ("FCI")-Bennettsville in Bennettsville, South Carolina. Proceeding without an attorney, Atkins has filed a civil rights action against prison officials at Federal Medical Center ("FMC")-Lexington related to his medical care. [R. 1.] By separate order, the Court granted Atkins' motion to proceed without prepayment of the filing fee. [R. 10.] Thus, this matter is now before the Court to conduct a preliminary review of Atkins's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

Upon initial screening, the Court must dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is obviously immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). At this stage, the Court accepts Atkins' factual allegations as true and liberally construes Atkins' legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). In addition, although the sufficiency of the complaint is generally tested with reference only to the face of the complaint itself, *Burns v. United States*, 542 F. App'x 461,

466 (6th Cir. 2013), the Court may consider a document attached to the complaint in determining whether dismissal is proper. *Cates v. Crystal Clear Techs., LLC,* 874 F.3d 530, 536 (6th Cir. 2017) (citations omitted).

The Court evaluates Atkins' complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). However, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). While the Court construes *pro se* pleadings with some leniency, "liberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

**I**

In his complaint, Atkins alleges that on May 4, 2018, he was involved in an altercation with another inmate and suffered a broken jaw. [R. 1.] He alleges that he was taken to the Emergency Room at the University of Kentucky Hospital for treatment on May 4 and that, during his examination, "one of the officer[s] kept saying…do not wire his jaw shut." *Id*. at 2. He states that he believes that this was "Malinda, the doctor who is in charge over all the Doctors" at FMC-Medical. *Id*. He claims that he was denied medical treatment at UK "after the doctor discussed the case with the resident and agree[d] with the resident finding and plan as document[ed] in the resident note May 4, 2018." *Id*.[1] Atkins then alleges that he wrote the

---

[1] According to the medical records submitted by Atkins in support of his complaint, the resident's findings were as follows:
> Patient was seen and examined by Dr. Young. In summary, this is a 37yo M with history of HTN presents to the ED from jail after alleged assault with bilateral jaw pain. Patient

2

Warden a cop-out over the weekend stating that his jaw was broken in half and that he was denied medical treatment when he was taken to UK Hospital on May 4, 2018. *Id*.

Atkins explains that he returned to UK Hospital on May 9, 2018 for surgery. *Id*. at 3. He states that there were two officers who were with him and that, when the doctor entered the room, one of the officers again told the doctor to "make sure you don't wire his mouth close, she don't want it wire close." *Id*. Atkins alleges that now his bottom jaw goes to the right a little when he opens his mouth because it was not wired closed in accordance with his caretaker's request. *Id*.

Despite his allegation that he was taken to the ER at UK on the day of the May 4, 2018 altercation, he also alleges that he had "open fractures and did not receive medical for five days. My caretaker Malinda and Lawson MD, Casey L. failed to provide me with the proper treatment in a timely manner." *Id*. It is not entirely clear given the vague nature of Atkins' allegations, but it appears that his claim is that he was denied medical treatment: 1) because of the alleged requests made by jail officials that Atkins' jaw not be wired shut; and 2) because his surgery did not occur until five days after the altercation. His complaint is clear that the events giving rise to his claims occurred on May 4, 2018, and May 9, 2018. *Id*.

---

looks well on exam, is non-toxic, and hemodynamically stable. Given history and physical, concerned for multiple open jaw fractures, plan to obtain CT face, give morphine for pain, 1.5g unasyn and then reassess.
On reevaluation, patient remains well. CT reviewed in the ED showing open, traumatic fracture of the left mandibular body and fracture of the right mandibular notch. ENT consulted and patient will need soft diet, clind[illegible] 300 for 14 days and follow up for surgical fixation. Gave strict return precautions and discharge instructions including follow up for further eval and treatment. Return to the ER should symptoms persist, worsen, or any other concerns arise. Patient verbalized an understanding and agreed to the plan. Safe to discharge at this time.
[R. 1-2 at 1-2.] The basis for Atkins' conclusory allegation that the attending physician's agreement to this plan denied him health care is unclear.

3

Based on these allegations, his asserts claims under the Eighth Amendment for deliberate indifference to his serious medical needs against Defendants Victoria Hit Williams, Casey Lawson, MD, and Malinda (last name unknown).[2]  As relief, he requests an award of $500,000.00 in monetary damages, in addition to any Court filing fees. *Id*. at 8.

## II

### A

The Court has reviewed the complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A, and concludes that it must be dismissed as untimely.  Atkins' Eighth Amendment claim seeking monetary damages for an alleged violation of his constitutional rights must be brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), which held that an individual may "recover money damages for any injuries...suffered as a result of [federal] agents' violation of" his constitutional rights.  *Bivens* 403 U.S. at 397.  Because the remedy afforded in a *Bivens* action is entirely judge-made, there is no statutory limitations period.  Instead, federal courts apply the most analogous statute of limitations from the state where the events occurred.  *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985).  The events of Atkins' complaint allegedly giving rise to his injuries occurred in Kentucky; therefore, Kentucky's one-year statute of limitations for asserting personal injuries applies. Ky. Rev. Stat. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003).

A claim accrues when the plaintiff becomes aware of the injury which forms the basis for his claims. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir.

---

[2] Atkins characterizes his claims as claims "under the Eighth Amendment for serious medical condition.  I have the right to receive treatment in a timely manner which recognize your basic human right, these are the services right and responsibilities while in the custody of the Bureau of Prisons." [R. 1 at 4.]

2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). Here, Atkins is very clear that his injuries arose when he was allegedly denied medical care and/or the defendants allegedly interfered with his medical care on May 4 and May 9, 2018. [R. 1 at 2-3.] Where, as here, the operative facts are not in dispute, the Court determines as a matter of law whether the statute of limitations has expired. *Highland Park Ass'n of Businesses & Enterprises v. Abramson*, 91 F.3d 143 (Table) (6th Cir. 1996) (citing *Hall v. Musgrave,* 517 F.2d 1163, 1164 (6th Cir.1975)). *See also Fox v. DeSoto*, 489 F.3d 227, 232 (6th Cir. 2007).

Because Atkins became aware of the denial of and/or interference with his medical care on May 4 and May 9, 2018, his claims accrued (and the statute of limitations with respect to this claim began running) on these dates. Even construing his claims to have accrued on May 9, 2018 (the later of those two dates), Atkins had one year from that date – or until May 9, 2019 – to file his complaint. However, Atkins did not file his complaint until March 23, 2020, well after the expiration of the one-year statute of limitations. Ky. Rev. Stat. § 413.140(1)(a).[3]

It is true that, before he could file suit, Atkins was required to exhaust his administrative remedies available under the BOP's Inmate Grievance Program. 42 U.S.C. § 1997e(a).[4] When a claimant is required to exhaust such remedies before bringing suit, the limitations period is tolled

---

[3] Under the prison mailbox rule, an incarcerated plaintiff's complaint is deemed filed on the date that it is handed to a prison official for mailing to the court. *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (extending the rule of *Houston v. Lack*, 487 U.S. 266 (1988) to civil matters). Ordinarily, the Court presumes that this occurs on the date the complaint is signed. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Atkins signed his complaint on March 23, 2020. [R. 1 at 8.]

[4] The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff. 28 C.F.R. § 542.13. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. *See also* BOP Program Statement 1330.18 (Jan. 6, 2014).

while he or she does so, as long as such remedies are pursued diligently and in good faith. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

In his complaint, Atkins indicates that he filed two separate grievances related to his claims. The first grievance (assigned Grievance No. 964649) was filed with the Warden on October 14, 2018, and rejected as untimely on January 11, 2019; appealed to the Regional Director on January 18, 2019, and rejected on February 6, 2019; and appealed to the Office of General Counsel on April 1, 2019. [R. 1 at 4; *see also* R. 1-1 at 14-35.] The second grievance (assigned Grievance No. 960117) was filed with the Warden on October 14, 2018, and denied on November 26, 2018; appealed to the Regional Director on December 17, 2018, and denied on March 8, 2019; and appealed to the Office of General Counsel on March 28, 2019. [R. 1 at 4; *see also* R. 1-1 at 1-13.] Atkins does not affirmatively state whether or when he received denial of his appeals from the Officer of General Counsel. Even so, 28 C.F.R. § 542.18 provides that "[i]f the inmate does not receive a response within the time allotted for reply,…the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Because the General Counsel has 40 days to respond to an appeal, Atkins' April 1, 2019, and March 28, 2019 appeals were constructively denied (and Atkins could proceed with filing a lawsuit with respect to those claims) 40 days after they were submitted, or on May 11, 2019, and May 7, 2019. Thus, even if the statute of limitations was tolled for the entire time period that Atkins pursued these administrative remedies from October 14, 2018 through May 11, 2019 (or approximately 209 days), the limitations on his claim expired on or around December 4, 2019.[5] However, he did not file this lawsuit in this Court until March 23, 2020, over three and a half months too late.

---

[5] Approximately 158 days passed between the date that Atkins' claims accrued on May 9, 2018, and the date he filed his administrative grievances on October 14, 2018. If the "clock is stopped" until the administrative remedy process was completed on May 11, 2019, Atkins had 207 days remaining (or until December 4, 2019) within which to file his claim.

6

The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Franklin v. Fisher*, 2017 WL 4404624, at *2 (6th Cir. 2017) ("The district court properly dismissed Franklin's complaint for failure to state a claim upon which relief may be granted because it is obvious from the face of her complaint that almost all of her claims are barred by the applicable statute of limitations."); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate."). Thus, because Atkins filed his lawsuit well after the statute of limitations with respect to his Eighth Amendment claims expired, his Eighth Amendment claims are barred by the applicable statute of limitations and must be dismissed. *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001).

**B**

Perhaps anticipating this obstacle, Atkins submitted a Declaration with his complaint requesting that the Court not dismiss his lawsuit due to the statute of limitations for equitable reasons. [R. 1-3.] Equitable tolling permits a federal court "to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). However, application of equitable tolling in suits against the government should permitted only "sparingly, and not when there has only been a garden variety claim of excusable neglect." *Chomic v. United States*, 377 F.3d 607, 615 (6th Cir. 2004). Indeed, "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-*

7

*Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted)

The Sixth Circuit has identified five factors for a court to consider when determining whether to equitably toll the statute of limitations:

> 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness is remaining ignorant of the particular legal requirement.

*Truitt v. Cnty. of Wayne*, 148 F. 3d 644, 648 (6th Cir. 1998). "The propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Id.*

Atkins does not claim that he had any lack of notice or knowledge of the filing requirements. Rather, in his Declaration, Atkins claims that staff at F.C.I. Gilmer (where Atkins was housed in the Special Housing Unit from November 2018 until May 4, 2019) "obstructed" his ability to file a tort claim related to the May 2018 altercation by failing to comply with his requests to provide him with an administrative tort claim form. [R. 1-3 at 1-2.] He claims that prison staff did this to "obstruct [his] process to run the statute of limitations out." *Id*.

However, even if this were true, Atkins' complaint filed in this case alleges an Eighth Amendment claim, not a negligence claim against the United States brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq*. Constitutional claims seeking to recover from individual officers pursuant to *Bivens* and tort claims seeking to recover from the United States based on allegations of negligence by its employees are separate and distinct claims, each with their own administrative remedy procedures. Thus, whether prison staff interfered with his ability to obtain an Administrative Tort Claim form used to initiate the administrative process with respect to a potential negligence claim is irrelevant to whether the limitations period should be tolled with respect to his *Bivens* claims. *Brockett v. Parks*, 48 F.

8

App'x 539, 541 (6th Cir. 2002) (an inmate's "attempts to pursue his FTCA claim have no bearing on whether or not he exhausted his *Bivens* claim."). *See also Clay v. United States*, 2006 WL 2711750, at *12 (E.D. Ky. Sept. 21, 2006) ("The fact that Plaintiff fully exhausted his FTCA claim did not relieve him of his duty to fully exhaust his *Bivens* claims."); *Molina-Acosta v. Martinez*, 392 F. Supp. 2d 210, 219-20 (D.P.R. 2005) (holding that efforts to exhaust FTCA claim did not equitably toll limitations period for *Bivens* claim); *Roseboro v. Brown*, 2015 WL 631352, at *5 (E.D. Va. Feb. 12, 2015) ("...the processing of plaintiff's FTCA claims had no impact on the timeliness of his *Bivens* action. There mere fact that plaintiff had to comply with two different exhaustion and timeliness requirements does not warrant equitable tolling of the statute of limitations in his *Bivens* claim."); *Owusu v. Federal Bureau of Prisons*, 2003 WL 68031, at *2 (S.D.N.Y. Jan. 7, 2003).

To be sure, among the attachments to Atkins' complaint is a copy of an Administrative Tort Claim that he filed with the Bureau of Prisons ("BOP") on July 30, 2019, seeking reimbursement from the United States pursuant to the FTCA for the alleged negligence of government employees with respect to the medical treatment related to his jaw injury. [R. 1-2 at 7-12.] However, Atkins' complaint does not allege negligence; does not name the United States as a Defendant (the only appropriate defendant to an FTCA claim);[6] nor does it refer to, or otherwise implicate, the FTCA. Rather, Atkins' complaint is clear and specific that the claim he seeks to bring is an Eighth Amendment claim seeking monetary relief from the individual medical providers based on his allegation that they deliberately delayed or interfered with his medical treatment in violation of the Eighth Amendment. [R. 1 at 4, 8.]

---

[6] The "FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) (citing 28 U.S.C. § 2679(a)).

9

*Pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 596 (1972), but the Court cannot create claims or allegations that the plaintiff has not made. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Nali v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009) (Sutton, J., dissenting) ("when a *pro se* litigant asks us to identify any potentially winning arguments in his lower court pleadings, he is asking us to create, not correct, potential disparities in the legal system."). While a Court has some latitude to interpret a *pro se* complaint if it is not specific about the nature of the claims contained within it, a Court has no license to summon unstated claims into being where, as here, the plaintiff spells out his claims with sufficient clarity. Thus, because Atkins' complaint is clear that his claim is an Eighth Amendment claim, this Court has no latitude to construe his claim as one sounding in tort.

For all of these reasons, even if prison staff at FCI-Gilmer interfered with Atkins' efforts to pursue an administrative tort remedy with respect to his claims in November 2018 through May 2019, this interference would not justify tolling the statute of limitations with respect to Atkins' constitutional claims, particularly since he began the administrative remedy process with respect to those claims in October 2018, prior to this alleged interference.

### III

Finally, Atkins has also filed a motion requesting the appointment of counsel on the grounds that he is unable to afford counsel and his imprisonment and limited knowledge of the law will limit his ability to litigate. [R. 14.] He also states that he attempted to retain a lawyer, but his request was rejected. Atkins further states that he believes that it will be difficult for him to retain a lawyer absent a court appointment because "they will believe it is a waste of time due to the statute of limitations issue." *Id*.

"The appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). When considering whether to grant such a request, the court considers the complexity of the case, the movant's likelihood of success on the merits of the claim, and the ability of the plaintiff to represent himself competently. *Cleary v. Mukaskey*, 307 F. App'x 963, 965 (6th Cir. 2009).

However, neither a lawyer's rejection of Atkins' request for representation, nor Atkins' imprisonment and limited knowledge of the law justify the appointment of counsel in this proceeding. Contrary to Atkins' statement in his motion, the issues presented by the complaint are straightforward and are not unduly complex. Moreover, Atkins' complaint includes a narrative description of the factual background of his claims and addresses both the procedural and substantive aspects of his claims, demonstrating his ability to represent himself. [R. 1.] Finally, as Atkins anticipated, his Eighth Amendment claim is barred by the statute of limitations, thus he is unlikely to succeed on the merits of his claims. The Court has considered the *Lanier* factors and concludes that this case does not present the kind of extraordinary circumstances which would warrant the appointment of counsel for Atkins.

Accordingly, it is hereby **ORDERED** as follows:

1. Atkins' motion to appoint counsel **[R. 14]** is **DENIED**.

2. Atkins' complaint **[R. 1]** is **DISMISSED**.

3. **JUDGMENT** shall be entered contemporaneously with this Order.

4. This matter is **STRICKEN** from the Court's docket.

This the 11th day of September, 2020.

12

*[Signature]*

Gregory F. Van Tatenhove
United States District Judge